Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA JOHNSON, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| CONVERGENT OUTSOURCING, INC.; JEFFERSON CAPITAL SYSTEMS, LLC; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") which prohibits unlawful credit reporting; and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2) Plaintiff PATRICIA JOHNSON is a natural person residing in the State of California, County of Los Angeles.

3) Defendant CONVERGENT OUTSOURCING, INC. ("CONVERGENT OUTSOURCING") at all times relevant was a corporation in the business of collecting debts in Los Angeles County, California operating from an address at 800 SW 39th St./PO Box 9004, Renton, WA 98057. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15U.S.C. §1692a(6).

4) Defendant JEFFERSON CAPITAL SYSTEMS, LLC ("JEFFERSON CAPITAL") at all times relevant was a limited liability company in the business of collecting debts in Los Angeles County, California operating from an address at 16 McLeland Road, St. Cloud, MN 56303. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

6) Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7) Plaintiff is an alleged "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

8) The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9) The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

10) Venue in this District is proper in that the Defendants transact business here and the Plaintiff resides here.

### III.  FACTUAL ALLEGATIONS

11) On a date unknown, an individual(s) opened an account in Plaintiff's name with Verizon Wireless (the "Account").

12) The Verizon Wireless account was obtained as a result of identity theft as Plaintiff did not authorize anyone to open the account under her name or as a co-signor.

13) Verizon Wireless communicated information regarding the Account to its agents and debt collectors, Defendant Convergent Outsourcing and Defendant Jefferson Capital.

14) After discovering the unauthorized account and balance, Plaintiff disputed the Account with Defendants verbally and in writing and explained that she was a victim of identity theft and not responsible for the charges.

15) Despite Plaintiff's requesting Defendants to cease collection, Defendants continued its collection efforts, irrespective of the identify theft, and charged additional fees thereby increasing the amount of the Debt.

16) Plaintiff requested the Account be removed from her credit reports.

17) Despite Plaintiff's requests, Defendants continued its reporting on Plaintiff's credit report.

18) Plaintiff continued disputing the wrongfully-opened accounts within the past year of the filing of this action with Defendants.

19) Defendants furnished information to Plaintiff's credit reports that it knew or should have known was inaccurate.

20)     As a result of Defendants conduct, Plaintiff suffered damage to her credit worthiness.

21)     Defendant's actions are the source of great concern, worry, frustration and emotional distress.

## IV.   FIRST CLAIM FOR RELIEF
### (Against All Defendants for Violation of the CCRAA)

22)     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

23)     Defendants violated the CCRAA, by including but not limited to, the following:

(a)     Defendants violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Defendants knew or should have known was incomplete or inaccurate; and

(b)     Defendants violated California Civil Code §1785.25(g) by failing to maintain reasonable procedures to comply with the CCRAA.

24)     Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25)     As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

26)     Defendants' violations were willful and knowing.  Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

## V.  SECOND CLAIM FOR RELIEF
### (Against All Defendants for Violation of the FDCPA)

27)     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

28)     Defendants violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(b) The Defendants violated 15 U.S.C. § 1692e(2)(a) by giving the false impression of the character, amount or legal status of the debt;

(c) The Defendants violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(d) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(e) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

29) As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  THIRD CLAIM FOR RELIEF
(**Against All Defendants for Violation of the Rosenthal Act**)

30) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

31) Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

32) Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33) As a proximate result of Defendants' violations enumerated above, Plaintiff has

been damaged in amounts which are subject to proof.

34) Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;
(b) Punitive damages;
(c) Statutory damages;
(d) Costs and reasonable attorney's fees; and
(e) For such other and further relief as the Court may deem just and proper including but not limited to an order to correct the inaccurate credit information.

Date: February 21, 2017        /s/Jeremy S. Golden_____
                               Jeremy S. Golden
                               Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: February 21, 2017        /s/Jeremy S. Golden_____
                               Jeremy S. Golden
                               Attorney for Plaintiff